UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROGER D. YATES (#87050)**                                            **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                              **NO. 12-0193-BAJ-MJU**

## RULING

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 15. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action on a form for the assertion of claims under 42 U.S.C. § 1983 against Secretary James LeBlanc, Medical Director Dr. Collins, Director of Risk Management J. S. Thompson, and LSP employees Shannon Demars and Pauline Franklin.  The plaintiff complains that on December 14, 2011, he was a passenger in a vehicle driven by defendant Demars when the vehicle was involved in a collision.  As a result of injuries sustained by the plaintiff in that accident, an ambulance was called, and the plaintiff was transported to the prison hospital, where he was attended by defendant Jason Collins. According to the plaintiff, defendant Collins reviewed x-rays that were taken of the plaintiff's back and determined that the plaintiff appeared to be fine. The plaintiff complains, however, that he continues to experience pain and discomfort from the accident and that medications and chiropractic treatment which have been provided to him have not relieved his symptoms.  The plaintiff also complains that he has been variously advised that he has suffered a pinched nerve in his neck as a result of the accident, that he has arthritis, and that he has suffered a displacement in a lumbar spinal disc.  He complains of the lack of a valid diagnosis and of a failure to provide him with appropriate medical treatment and information about

his condition.[1]

The defendants first move to dismiss this action based on an asserted lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Specifically, the defendants contend that the plaintiff has failed to allege facts sufficient to establish federal question jurisdiction.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006 (5th Cir. 1998), quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2nd Cir. 1996).  "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."  Coury v. Prot, 85 F.3d 244 (5th Cir. 1996). Notwithstanding, a Rule 12(b)(1) motion may only be granted "if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."  Davis v. United States, 597 F.3d 646 (5th Cir. 2009), cert. denied, ___ U.S. ___, 130 S.Ct. 1906, 176 L.Ed.2d 367 (2010).  "Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks'."  Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256 (11th Cir. 1997), citing Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990).  See also Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).  "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff

---

[1]  An attempt by the United States Marshal's Office to serve defendant J. S. Thompson has proven unsuccessful because service of process was not accepted on behalf of this defendant by the Louisiana Department of Public Safety and Corrections, purportedly because this defendant is "unknown to LSP". See rec.doc.no. 12.  Further, the plaintiff was placed on notice of this non-service in July, 2012, through receipt of the Marshal's Return of Service.  See id. Notwithstanding, the plaintiff has failed to take any action to better identify defendant Thompson, to obtain the defendant's last known address or to have the defendant served.  Although an inmate plaintiff is entitled to rely upon service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge." Rochon v. Dawson, 828 F.2d 1107 (5th Cir. 1987).  Further, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings.  It is appropriate, therefore, that the plaintiff's claims asserted against defendant J. S. Thompson be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant.

has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Menchaca v. Chrysler Credit Corp., 613 F.2d 507 (5th Cir.), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).  A "factual attack", on the other hand, allows the Court to consider a broader range of materials in resolving the motion. Williams v. Wynne, 533 F.3d 360 (5th Cir. 2008).  When presented with a factual attack, the Court may consider (1) the Complaint alone, (2) the Complaint supplemented by undisputed facts in the record, and (3) the Complaint supplemented by undisputed facts plus the Court's resolution of disputed Facts.  Clark v. Tarrant County, 798 F.2d 736 (5th Cir. 1986).  The instant motion by the defendants appears to assert a facial attack upon the plaintiff's Complaint.

The defendants' Rule 12(b)(1) Motion shall be denied.  The defendants acknowledge that the plaintiff has invoked the federal subject matter jurisdiction of this Court by asserting his claim on a form for the assertion of claims brought pursuant to 42 U.S.C. § 1983, which statute provides a means for vindicating a claimant's constitutional civil rights.[2]  Interpreting the plaintiff's allegations liberally, as this Court is required to do when addressing the claims of a pro se litigant, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the plaintiff's allegations may be interpreted as asserting that the defendants have violated his Eighth Amendment constitutional rights through deliberate indifference to his health or safety, both by causing his injuries in the collision of December 14, 2011, and by providing inadequate medical treatment thereafter.  See Wilbert v. Quarterman, 647 F.Supp.2d 760 (S.D. Tex. 2009) (denying Rule 12(b)(1) motion and concluding that, under limited circumstances, a valid § 1983 claim may be asserted arising out a vehicular collision); Daniels v. Bowles, 2004 WL 2479917 (N.D. Tex., Nov. 2, 2004) (same, where plaintiff filed Complaint on a form for the assertion of claims under 42 U.S.C. § 1983 and asserted a claim of conspiracy against a state actor).  Although the Court acknowledges that the plaintiff's allegations are limited in scope and clarity, and although the plaintiff does not specifically invoke

---

[2]  The form is entitled "A Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

the Eighth Amendment or allege "deliberate indifference", the Court liberally interprets the plaintiff to assert such a claim.  See Williams v. Thomas, 692 F.2d 1032 (5th Cir. 1982), cert. denied, 462 U.S. 1133, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (recognizing that a pro se plaintiff is not required to use "magic words" to state a claim).  Accordingly, the Court is satisfied that the plaintiff's Complaint is based upon an alleged violation of federal law, and the Complaint shall not be dismissed for lack of subject matter jurisdiction.

Turning to the defendant's request for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal under this Rule if the plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level".  Bell Atl. Corp. v. Twombly, supra.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id.  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Id.  (citations omitted).

Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

As discussed hereafter, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted and that the defendants' 12(b)(6) motion should therefore be granted.

First, the defendants seek dismissal of the plaintiff's claim for monetary damages asserted against them in their official capacities. In this regard, although it is unclear from the plaintiff's Complaint whether he has named the defendants in their official and/or their individual capacities, the Court liberally interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, the defendants correctly point out that § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against state officials acting in their official capacities because such officials are not seen to be "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Id. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, supra. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, intentionally caused the deprivation of the plaintiff's federal rights, would be sufficient to establish personal liability under § 1983.

With regard to the plaintiff's claims asserted against the defendants in their individual capacities, the defendants next assert that the plaintiff has failed to allege sufficient personal participation by the moving defendants in any violation of the plaintiff's constitutional rights. In this

regard, in order for there to be liability under § 1983, a defendant must either have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. Lozano v. Smith, supra.

Applying this standard in the instant case, it does not appear from the plaintiff's allegations that he has alleged a viable cause of action as to any of the defendants named herein. Initially, with regard to defendant James LeBlanc, the plaintiff makes no factual allegation whatever relative to this defendant and mentions the defendant only in the Caption of the Complaint and in the Section thereof entitled "Parties". Further, it is clear that, as Secretary of the Louisiana Department of Public Safety, this defendant stands only in a supervisory role with regard to the operation of the LSP medical department and the provision of medical care to inmates confined at that facility. See Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987) (requiring either a causal connection or personal involvement for a supervisor to be held liable). Nor has the plaintiff adequately pleaded the existence of any affirmative wrongful policy at LSP which has resulted in a denial of medical treatment. Accordingly, the plaintiff's claim asserted against defendant LeBlanc fails to rise to the level of a constitutional violation, and this defendant is entitled to judgment as a matter of law.

With regard to the plaintiff's claims asserted against defendants Shannon Demars and Pauline Franklin, the plaintiff alleges only that these defendants were the operators, respectively, of two motor vehicles which collided on December 14, 2011, causing the plaintiff's alleged injuries.

Specifically, the plaintiff alleges that defendant Demars, in whose vehicle the plaintiff was a passenger, approached an intersection and "either [failed] to stop, or ran the stop sign, and broadsided Pauline Franklin's personal truck." In order to establish liability on the part of these defendants, however, the plaintiff would be required to show that one or both of them were deliberately indifferent to his safety while operating their respective vehicles. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to establish such deliberate indifference, the plaintiff would be required to establish that one or both of these officials (1) were aware of facts from which the inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) actually drew the inference that such potential harm existed. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999). In other words, a state official may only be found liable under § 1983 if he has consciously ignored a danger to an inmate after having been made fully aware of the danger. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). Mere negligence on the part of the official is insufficient to establish Eighth Amendment culpability. Davidson v. Cannon, 474 U.S. 344, 106 C.T. 668, 88 L.Ed.2d 677 (1986). Subjective recklessness as used in the criminal context is the appropriate standard for determining whether an official has been deliberately indifferent to an inmate's health or safety. McCormick v. Stalder, 105 F.3d 1059 (5th Cir. 1997).

In the instant case, all that the plaintiff has alleged relative to defendants Demars and Franklin is that the former officer failed to stop or yield at a stop sign and caused a vehicular accident with the latter. This a claim of mere negligence which is not actionable under § 1983. See Coon v. Ledbetter, 780 F.2d 1158 (5th Cir. 1986) ("[I]t is plain that a person injured in an auto accident when a police officer negligently fails to yield the right-of-way has no claim for deprivation of constitutional right."). See also Walker v. Reed, 104 F.3d 156 (8th Cir. 1977). Nor does this case present a situation where an offending officer has disregarded an inmate's request for seatbelts and where the officer is found to have been driving recklessly or erratically prior to the accident. In such narrow instances, some courts have found a possibility that an inmate plaintiff may state a viable claim of deliberate indifference. See, e.g., Brown v. Fortner, 518 F.3d 552 (8th Cir. 2008). In the

present case, however, the plaintiff's allegations make clear that this accident was the result of mere garden-variety negligence on the part of defendant Demars. Such a claim is not actionable under § 1983, and these defendants are therefore entitled to dismissal of this claim asserted against them.

Finally, the plaintiff complains of alleged inadequate medical treatment upon being transported to the prison infirmary after the referenced accident. Specifically, the plaintiff complains that defendant Jason Collins reviewed x-rays taken of the plaintiff's back on the date of the incident, noted that there were "air bubbles in the x-rays", but told the plaintiff that the plaintiff would be fine. The plaintiff complains, however, that his condition has not improved and that the medication and chiropractic treatment which he has been offered have not provided relief.

In order for an inmate-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must allege and show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation which he believes he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. The deliberate indifference standard sets a very high bar: the plaintiff must establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001).

The plaintiff alleges in this case that defendant Collins saw the plaintiff on only one date, reviewed x-rays taken of the plaintiff's back and/or neck on that date, and reached a conclusion that the plaintiff's injuries were not severe. The plaintiff does not allege that he was thereafter seen or

treated by this defendant on any other date. And even if the defendant's diagnosis later proved to be incorrect, this does not establish deliberate indifferent on the part of the defendant. Instead, the alleged mis-diagnosis, if mis-diagnosis it was, appears to have amounted to nothing more than mere negligence or, at most, medical malpractice which is not actionable under § 1983. The plaintiff acknowledges that he was seen and evaluated on the date of his injury and that he has since been provided with medication and chiropractic treatment in response to his complaints. It has consistently been held in this context that an inmate who has in fact been examined and evaluated by medical personnel fails to make a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.3d 286 (5th Cir. 1997); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Callaway v. Smith County, 991 F.Supp. 801 (E.D. Tex. 1998). Accordingly, based upon the record before the Court, it appears clear that the defendants are entitled to summary judgment in connection with the plaintiff's claims asserted against them and that this proceeding is subject to dismissal for this reason.

Finally, the plaintiff also seeks to invoke the supplemental jurisdiction of this Court over his state law negligence claims. A district court, however, is authorized to decline the exercise of supplemental jurisdiction over any potential state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, based upon the record before it, and because the Court concludes that it is appropriate to dismiss the plaintiff's federal claims asserted herein, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law negligence claims. Accordingly,

**IT IS ORDERED** that the plaintiff's claims asserted against defendant J. S. Thompson be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Fed.R.Civ.P. 4(m).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction

over the plaintiff's state law claims.

**IT IS FURTHER ORDERED** that the defendants' Motion to Dismiss, rec.doc.no. 15, be and it is hereby **GRANTED**, dismissing the plaintiff's claims asserted against the remaining defendants, and that this action be dismissed, with prejudice, but without prejudice to any state law claims which the plaintiff may have.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 21st day of December, 2012.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**